## STATE *v.* BURKE.

A witness in a capital case should not be excluded because the list of witnesses furnished to the respondent does not contain his true name, if it contains the name by which he is known.

In an indictment for murder, a count which charges that the respondent "in some way and manner, and by some means, instrument, and weapon to the jurors unknown," killed and murdered the deceased, is good.

A general verdict of guilty of manslaughter in the first degree being returned on a trial under an indictment which contains several counts, judgment will not be arrested, nor will the verdict be set aside, because there is one count under which, had there been no other, the jury could not have found the respondent guilty of manslaughter in the first degree.

INDICTMENT against John Burke for murder.

The first count alleges a felonious assault, by the respondent, upon Rosa Burke, the deceased, and that, with a certain piece of iron, he, upon the left side of her head, did strike, giving her one mortal wound, of which she instantly died. The second count alleges a like felonious assault, and that he then and there, with a certain stick of wood, in and upon the left side of her head, did strike, giving her one mortal wound, of which she instantly died. The third count alleges a like felonious assault, and that he, with his hands and feet, did strike, beat, and kick, in and upon the head, back, belly, sides, and other parts of her body, and did then and there cast and throw her down unto and upon the ground with great force and violence, giving unto her thereby several mortal strokes, wounds, and bruises, of which she then and there instantly died. The fourth count alleges that the respondent, in a certain building known as Emerald Block, in, &c., upon the said Rosa, " feloniously, wilfully, and of his malice aforethought, did make an assault, and the said Rosa Burke, in some way and manner, and by some means, instrument, and weapon, to the jurors unknown, did then and there feloniously and wilfully, and of his malice aforethought, deprive of life, so that the said Rosa Burke then and there died. And so the jurors aforesaid, upon their oath aforesaid, do say, that the said John Burke, the said Rosa Burke, in the manner and by the means aforesaid, to the said jurors unknown, then and there feloniously, wilfully, and of his malice aforethought, did kill and murder."

It was contended, on the part of the state, that the deceased came to her death in consequence of a blow inflicted by the respondent upon the left side of her head, near the temporal region, somewhere from seven to nine o'clock on the morning of March 18, 1872, by an iron instrument attached to a ring, on which were also two keys, said blow causing a rupture of the blood-vessels of the brain, producing hemorrhage and pressure, which resulted in her death; or that her death was caused by subsequent violence by the respondent upon the deceased in throwing her out of doors or pulling her off a bed; or that her death was caused by all of said alleged acts on his part.

In the list of witnesses for the state, furnished to the respondent, was the name of Abby L. Farmer. Under that name a witness was produced by the state, not as a rebutting witness, who, as appeared by her own admissions and statements, was the lawful wife of one Stone, then living, and to whom she had been married several years previous. But it also appeared that she had been since unlawfully married to a man by the name of Farmer, with whom she was then living, and by whose name she was known. The respondent objected to this witness being permitted to testify, on the ground that her name had not been furnished to the respondent, and that it was not included in the said list of witnesses; but she was permitted by the court to testify, subject to the respondent's exception, and her testimony was material.

The respondent seasonably moved the court to quash the fourth count, which the court refused to do, and the respondent excepted. The court instructed the jury that under this indictment they might find a verdict of guilty, if they found the killing to have been by any means whatever, whether such means are or are not set forth in the indictment; to which the respondent excepted. Having been convicted of manslaughter in the first degree, the respondent moved that judgment be arrested or the verdict set aside, because the verdict is against the law and the evidence, according to the definition of manslaughter in the first degree, as defined in sec. 7, ch. 264, Gen. Stats.; but the court denied the motion, and the respondent excepted. The court was not of the opinion that the verdict was against evidence. The respondent, having been sentenced to imprisonment for the term of fourteen years, tendered the foregoing bill of exceptions, which was allowed by the court.

*G. Y. Sawyer,* and *Barrett,* solicitor, for the state.

*A. F. Stevens* (with whom was *G. W. Morrison*), for the respondent.

The name of Abby L. Farmer was incorrectly given in the list. The respondent was entitled to have the legal designation of the witness placed on the list. The designation was a fictitious one; no attempt was made by the state to aid it by an alias, but it was given as her true name against the fact. The government should be held to a strict compliance with the statute requirements.

We object to the instructions and ruling of the court, that the jury might find a verdict of guilty if they found the killing to be by any means whatever, whether such means were or were not set forth in the indictment. The force of this instruction was, that there could be no such thing as a variance between the allegations and the proof. This departure from the principle of the common law is founded, we suppose, upon the 14th sec. of ch. 242 of the Gen. Stats. We ask the consideration of the court to the question, whether the section is not unconstitutional, inasmuch as it is in conflict with the clause in the 6th article of the amendment to the constitution of the United States, which provides that the accused shall enjoy the right " to be informed of the nature and cause of the accusation " against him ; and also with the first clause of article 15th of our bill of rights, which provides that " no subject shall be held to answer for any crime until the same is fully and plainly, substantially and formally, described to him."

HIBBARD, J.   I. The witness was properly permitted to testify. The object of the statute, which requires a list of the witnesses in a trial for a capital offence to be furnished to the respondent, is, to enable him to procure information about them. To furnish him with the true name of a witness, who was known not by that name but by another, however it might answer the requirement of the statute, would be of no avail to the respondent. To furnish him with the name by which a witness was known, though it might not be his true name, must give to the respondent every advantage which the statute contemplates. It may sometimes be a question of fact, to be decided by the court, whether the description of a witness given in the list was sufficient to inform the respondent, with reasonable certainty, what person was to be called to testify against him. Suppose a witness is well known by two different names : if the respondent is actually informed who he is by one of those names being inserted in the list, how can it be said that the witness is not described with sufficient accuracy ? It is impossible to hold, as a matter of law, that a name by which a witness is known is not sufficient for the purpose of making him known to the respondent.

II. The motion to quash the fourth count was rightly denied. " If the instrument by which the homicide was committed be not known, it is enough for the indictment to aver such fact." Whart. Am. Cr. Law, sec. 1064 ; Whart. Law of Hom. 265 ; 1 Bish. Cr. Pro., sec. 553. " The rule of reason, which exculpates offenders when what was done was compelled by necessity, excuses the pleader when alleging against a wrong-doer the particulars of a criminal charge. He is not required to be more specific than the circumstances will permit." 1 Bish. Cr. Pro., sec. 493. This count is similar to the fourth count in the celebrated case of *Commonwealth* v. *Webster*, 5 Cush. 297, 323, which was sustained by the supreme court of Massachusetts. In *State* v. *Wood*, 53 N. H. 484, it was held that an indictment which charged that the respondent produced an abortion " with a certain instrument to the jurors unknown " was sufficient. " It is a principle of the common

law, as well as of common sense, that what becomes absolutely necessary in the course of legal proceedings must be done; *quod necessitas cogit, defendit.*" Note to *United States* v. *Perez,* 2 Lead. Cr. Cas. (1st ed.) 360.

We discover nothing in that provision, to which our attention has been called, of the sixth amendment to the United States constitution, which entitles the accused " to be informed of the nature and cause of the accusation," that could affect this case, though we were to assume that this constitutional provision is applicable to prosecutions in the state courts. The fifteenth article of the New Hampshire bill of rights, which secures every subject from being "held to answer to any crime or offence until the same is fully and plainly, substantially and formally, described to him," presents a question of greater difficulty. But we hardly think it can be truly stated that the "crime or offence" of which the respondent has been found guilty is not "fully and plainly, substantially and formally, described to him" in the fourth count. If we were to hold otherwise, we do not think it would be a fair interpretation of this article that one who is satisfactorily proved to have committed a murder shall go unpunished, because it cannot be ascertained in what manner or by what means he did it. Cases might arise in which, though the guilt was clear, the manner or means of committing the crime could only be conjectured. The proof might be satisfactory that a deceased person was in some way murdered by the respondent, without any circumstance appearing to indicate how he was murdered. Is the murderer exempted from punishment in such a case by virtue of this article? We think not.

That the framers of the bill of rights intended to secure to an accused person a more particular description than was required by the common law, it is not reasonable to believe. Whether they may not have intended to secure to him as particular a description as the common law required, is a question upon which we express no opinion. It will be in season to determine that question whenever the court shall be called upon to consider the constitutionality of sec. 14, ch. 242, Gen. Stats., by which it is enacted that " in indictments for causing the death of any person, it is not necessary to set forth the manner in which or the means by which the death of the deceased was caused; but it is sufficient, in every indictment for murder, to charge that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased, and in every indictment for manslaughter to charge that the defendant did feloniously kill and slay the deceased." To sustain the fourth count, we are not required to rely on this statute. Whether a count which does not set forth " the manner in which or the means by which the death of the deceased was caused" is sustainable unless it states that they are unknown, is a different question from that presented by this exception.

The exception on account of the instruction to the jury stands on the same ground and must be overruled for the same reason.

III. The motion that judgment be arrested or the verdict set aside

was also rightly denied. Section 7, ch. 264, Gen. Stats., on which the respondent relies, is as follows: " Manslaughter, without a design to effect death, not being murder nor excusable or justifiable homicide, shall be of the first degree when perpetrated by any person engaged in the commission of any offence, or when committed by two or more persons, or by a person bearing any deadly weapon, either open or concealed, or when perpetrated in a cruel or unusual manner, or by means of any deadly or dangerous instrument." It may be difficult to understand how the jury, under the fourth count, could have found the respondent guilty of manslaughter in the first degree, in accordance with the conditions of this section, but there is no reason for supposing that he was found guilty under this count. It must be understood that the jury were properly instructed that they were not authorized to find him guilty of manslaughter in the first degree, under any count of the indictment, unless they should find a state of facts to exist such as the statute requires. If a verdict of guilty of manslaughter in the first degree could not be sustained under the fourth count, for the reason that it was necessary that the jury should know in what way the killing was effected before they could determine that the respondent was guilty of manslaughter in the first degree, it can be sustained under the other counts. When there is one good count and a general verdict, judgment may be rendered on the good count. *Arlen* v. *State*, 18 N. H. 563; *State* v. *Canterbury*, 28 N. H. 227; *State* v. *Scripture*, 42 N. H. 489; *State* v. *Daniels*, 44 N. H. 386.

*Exceptions overruled.*